IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERMIT W. CURRINGTON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-571-GMS |
| | ) |
| CPL. TANISHA THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Kermit W. Currington, III, ("Currington"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Currington alleges that on February 1, 2015, the defendant Officer Sadler ("Sadler") opened his cell and let in inmate Akeen Waters ("Waters"). Waters attacked Currington when he punched him, threw him to the ground, and kicked him in the head and face. Currington alleges that he suffered a black eye, sore jaw, extreme paranoia, and pain and suffering as a result of the attack.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Sadler questioned Currington about the incident on February 3, 2015.[2] Later that day, Currington was interviewed about the incident by the defendants Cpl. Tanisha Thomas ("Thomas") and Lt. Sanders ("Sanders"), as well as Sgt. Lee ("Lee"), a non-defendant. Currington was transferred to isolation where he remained for three days. He complains that during those three days, he was given the option of either a 15 minute shower or 30 minutes of recreation while handcuffed and shackled.

Currington received a "write-up" from Thomas. He alleges that it contained incorrect information because it placed Currington in one cell when he was attacked in a different cell, and it reported that Currington was attacked by his cellmate. On February 9, 2015, the defendant Lt. Walter Dych ("Dych") conducted a disciplinary hearing, and he found Currington guilty of fighting and lying. Currington was sanctioned to ten days in isolated confinement. Currington alleges that Waters testified at his disciplinary hearing that he attacked Currington after Sadler opened Currington's cell and let Sadler into the cell.

Currington alleges that the attack stopped him from working and the ability to earn good time, and he received a lower classification level. Currington seeks compensatory damages.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28

---

[2]Currington was told that there is video footage of the February 1, 2015 incident, and has asked the warden and filed a grievance to have the footage preserved.

2

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Currington proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

must grant Currington leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Currington complains that: (1) during his first three days in isolation he was required to choose between a shower and recreation; (2) he received a disciplinary report that contained inaccurate information; (3) he was afforded a disciplinary hearing; (4) he was found guilty; and (5) sanctioned to ten days in isolation.

The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (quoting

4

*Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin*, a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). With regard to the limited duration of time Currington spent in isolation, he fails to state a constitutional claim on the facts alleged. *See Fantone v. Herbik*, 528 F. App'x 123, 129 (3d Cir. 2013) (unpublished) (no procedural due process claim when inmate complained of 35 days in isolation, the court stating, "we have held that this type confinement does not constitute an atypical and significant hardship so as to trigger due process rights."); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (unpublished) (inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin.); *Griffin*, 112 F.3d at 706 (fifteen months in segregation was not an atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest.").

In addition, Currington cannot prevail to the extent he alleges that he did not receive the procedural due process he was due. If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law,' "then the prisoner does not have a "protected liberty interest" and the "state owed him no process before placing

him in disciplinary confinement." *Mitchell*, 318 F.3d at 531; *see also Henderson v. Kerns-Barr*, 313 F. App'x 451, 452 n.2 (3d Cir. 2008) (unpublished) (assuming that plaintiff was not afforded the protections called for by *Wolff v. McDonnell*, 418 U.S. 539 (1974), because the sanction of 90 days disciplinary confinement did not affect the inmate's release date, there was no liberty interest and, therefore, no trigger of due process rights). According to the allegations in the complaint, Currington spent less than fifteen days in isolation, an amount of time that does not implicate a protected liberty interest. He therefore, lacks the requisite liberty interest to implicate a due process violation.

With regard to his classification, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *See Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015) (unpublished) (citation omitted). Finally, to the extent Currington complains that the disciplinary charge contained incorrect information, the filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith*, 293 F.3d at 653-54). It is clear from the allegations that Currington was afforded a disciplinary hearing.

6

The complaint fails to articulate a protected liberty interest with respect to Currington's discipline, confinement, and classification. Therefore, the court will dismiss the claims against Thomas, Sanders, and Dych as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The court finds that Currington has alleged what appears to be a cognizable claim against Sadler for alleged violations of the Eighth Amendment of the United States Constitution. He will be allowed to proceed with the claim against Sadler.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against the defendants Thomas, Sanders, and Dych as legally frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1). The plaintiff will be allowed to proceed against Sadler.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Sept 28, 2015
Wilmington, Delaware